Williams, J.
The material facts of the petition are that, at the January term, 1895, of the court of common pleas of Stark county, judgments amounting in the aggregate to something over six *118 thousand dollars were obtained against Toronski Bros., and executions issued on them were levied by the defendant, as sheriff of that county, on all of the chattel property of the debtors, which was sold under the writs for five thousand five hundred dollars, and the proceeds paid pro rata, by the defendant, to the execution creditors. Thereafter, but still at the same term of the same court, the plaintiff below recovered a judgment against the same debtors, and during the term caused an execution issued on the judgment to be placed in the hands of the defendant, and demanded of him a pro rata share of the proceeds of the property which he had sold, corresponding with the amount of her claim. The defendant refused to comply with the demand, and returned the writ unsatisfied, and endorsed no property whereon to levy.
The action is based upon section 5382, of the Revised Statutes, which contains the following provision: “When two or more writs of execution against the same debtor are sued out during the term in which judgment was rendered, or within ten days thereafter, no preference shall be given to either of such writs, but if a sufficient sum of money be not made to satisfy all executions, the amount made shall be distributed to the several creditors in proportion to the amount of their respective demands.”
Th,e language of this provision seems sufficient to enable the plaintiff to maintain her action. In express terms it forbids any preference among executions sued out during the term in which the judgments were rendered, or within the specified time thereafter, and requires that the money made on any of such writs shall, if insufficient to satisfy all of them, be distributed to all the creditors in *119 proportion to the amount of their respective claims. It will be observed that it is not made essential to the right of any such execution creditor to share in the fund, that his writ shall have been actually levied on the property from the sale of which the fund is derived, nor that it shall be in the hands of the officer at the time of its sale; but all that is necessary to entitle him to that right is, that his execution be sued out within the required time. The levy of one or more of such executions and sale made thereunder, inures to the equal benefit of all execution creditors who come within the designated class, and they are severally entitled to their respective shares of the money so made.
The plaintiff in error contends, however, that other provisions of the statute require the language of section 5382 to be so restrained in meaning as to make it applicable only to executions which come to the officer’s hands before a sale of the debtor’s property takes place, and which could have been levied on the same property. The provisions referred to are those contained in sections 5375, 5383, 5396 and 5418, which declare that a debtor’s chattel property shall be bound from the time it is seized on execution, and enjoin upon the officer receiving an execution the duty to make immediate levy, proceed to advertise and sell the property without delay, pay the money made on the writ to the judgment creditor on demand, and return the writ within sixty days. There are some apparent discrepancies between these provisions and those of section 5382, but they are not irreconcilable. The former are general provisions regulating the course of procedure of officers holding writs of execution, while the latter *120 are special, relating to the particular cases therein provided for; and under a familiar rule of construction the special must be regarded as in the nature of an exception to the more general provisions, and as controlling them in the special class of cases. In Endlich on the Interpretation of Statutes, section 216, the rule is stated to be, that; “where there are in one act, specific provisions relating to a particular subject, they must govern in respect to that subject, as against general provisions in other parts of the statute, although the latter, standing alone would be broad enough to include the. subject to which the more particular relate.” And, “if there are two acts, or two provisions of the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also, and if reading the general provisions side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision.”
The fourth section of the act of March 1, 1831, regulating judgments and executions (Swan’s Statutes of 1841, 467, 469) is identical with the present section 5382, of the Revised Statutes; and in the construction of that act, in Wilcox v. May, 19 Ohio, 408, the fourth section was treated as a proviso qualifying its more general provisions; and it was there held to preserve the equality among executions issued during the term at which the judgments were rendered, notwithstanding they were levied at different times on lands in another county and it was declared by another *121 section of the act that lands situated in counties other than the one in which the judgments were recovered, as well as goods and chattels of the debtor, should be bound only from the time of their seizure on execution. It was remarked by Hitchcock, C. J., in that ease, with respect to the purpose of the fourth section of the statute, that; “The object of the general assembly in making this provision, undoubtedly was, to give the several judgment creditors ample time, after the rendition of their judgments, to sue out executions and place them in the hands of the sheriff or other proper officer, and to prevent any advantage that might, by hasty action be gained by one creditor over another.” The re-enactment of that section without change after that decision, in the Civil Code, and then in the Revised Statutes, may be accepted as an unqualified recognition of the legislative intention as so judicially declared. That intent, it is obvious would be largely thwarted, if not wholly defeated, if a creditor who obtains his judgment at the beginning • of the term were allowed to appopriate the debtor’s property exclusively to the satisfaction of an execution sued out on it immediately, by having the property sold and the money paid over to him before other creditors could obtain their judgments at the same term;' and that construction of a statute which will defeat its purpose, wholly or partially, is always to be avoided if possible. True, as counsel urge, some inconvenience or even hardship may result to creditors who obtain judgments and sue out executions early in the term, by being compelled to await the close of the term before receiving their proportion of the proceeds of the debtor’s property sold under their writs; but it would be none the *122 less a hardship on those whose judgments are obtained and executions sued out later in the term, if the earlier executions should be allowed to appropriate all of the proceeds of the debtor’s property. Considerations of inconvenience and hardship, are resorted to only in cases of doubtful construction, and never prevail against the positive provisions of the statute. By the express terms of this statute all creditors are given the whole of the term at which their judgments are obtained and ten days after its close within which to sue out their executions, and when sued out within that time, there can be no priority among them; all stand on an equality of right, and each is entitled to his proportion of the money made on any of the writs from the property of the common debtor. Nor is this the only class of cases under the execution statutes in which delay may be occasioned by the postponement of distribution until the close of the term. By section 5375, the debtor’s lands in the county where judgments are recovered against him, are bound from the first day of the term equally by all judgments rendered in suits commenced before the term; and by section 5378, transcripts of justices’ judgments filed in the preceding vacation also become liens bn the first day of the term equally with judgments rendered at that term. Though the term should continue for months, neither a judgment in such case obtained on the first day, nor a transcript of a justice’s judgment so filed, has any priority over a judgment obtained on the 'last day of the term. The lien of the latter relates back to and attaches as of the first day of the term; and it cannot be claimed that the first judgment creditor, or a transcript creditor could obtain an exclusive right to the *123 proceeds oi the debtor’s land sold under execution issued on his judgment before the iater judgment was recovered, notwithstanding the general provisions of the statute require the officer to make the money without delay, pay it over on demand, and return his writ in sixty days. The safe course for the officer to pursue in all such cases is to withhold distribution until the expiration of the time within which liens of equal right may be obtained, or executions entitled to share in the fund may be sued out, or until distribution is ordered by the court.
The defendant below no doubt acted in good faith, under a mistake as to his duty, but that cannot affect the plaintiff’s legal rights.

Judgment affirmed.